UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.4)
Eastern Division

XYZ Corporation

    Plaintiff,

v.

Case No.: 1:25−cv−12095

Honorable John Robert Blakey

The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified in Schedule A

    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 14, 2025:

    MINUTE entry before the Honorable John Robert Blakey: Plaintiff initiated this patent infringement case by filing a complaint against 18 separate defendants, see [1], [2]; it filed an amended complaint on 10/9/25, seeking to sue three defendants, see [12], [13]. Plaintiff seeks to proceed, at least initially, via pseudonym. See [5]. Plaintiff also seeks leave to temporarily seal its complaint, the "Schedule A" listing the named Defendants, a copy of Plaintiff's patent, Plaintiff's motion for a temporary restraining order, and all of the declarations submitted in support of that motion. See [4]. "No−name litigation is disfavored in general, and particularly in this Circuit." XYZ Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A, No. 21−CV−06471, 2022 WL 180151, at *12 (N.D. Ill. Jan. 20, 2022). The Seventh Circuit has "repeatedly voiced its disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes. To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." Id. (citing Doe v. Vill. of Deerfield, 819 F.3d 372, 37677 (7th Cir. 2016); Doe v. Smith, 429 F.3d 706, 710 (7th Cir. 2005); Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997)). Many cases just like this are filed every day in this District without anonymous plaintiffs, and the Court has no reason to think that the requested sealing order (which would prevent defendants from learning that they have been sued) remains insufficient by itself to alleviate any concerns Plaintiff may have about disclosing its identity. The Court denies Plaintiff's motion to proceed under a pseudonym [5]. Because Plaintiff has failed to identify itself on any of the pending pleadings, the Court dismisses the operative complaint [12], [13] without prejudice and denies without prejudice all pending motions [4], [14], [16], and strikes the 10/15/25 Notice of Motion date as to all motions. If Plaintiff elects to pursue an amended complaint and revised motions, it should ensure that its pleadings provide a factual and legal basis to join multiple defendants in a single suit. Under 35 U.S.C. ‡; 299(b), "accused infringers may

not be joined in one action as defendants... based solely on allegations that they each have infringed the patent or patents in suit," which is what Plaintiff has alleged, [13] 24. Plaintiff should also ensure that its submissions support the exercise of personal jurisdiction as to each defendant; in this regard, the mere maintenance of a website accessible in Illinois (which is what Plaintiff has alleged, id. 2), remains insufficient. E.g., Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website... should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."); Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, No. 20–CV–5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (screenshot evidence showing that an order could be placed by an Illinoisan, "amounts to nothing more than maintaining an interactive website that is accessible in Illinois," and "that alone cannot confer personal jurisdiction."). Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.